UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARRELL B. EASON,

    Petitioner,

v.

EVERETT MUNICIPAL COURT,

    Respondent.

CASE NO.   C06-322-JCC-JPD

ORDER RE: PENDING MOTIONS

This is a federal habeas action brought pursuant to 28 U.S.C. § 2254. This matter comes before the Court at the present time on petitioner's motion for a protective order requiring respondent to stay his sentencing hearing, on respondent's motion for relief from the deadline to file its reply brief in support of its amended answer, on respondent's motion to strike petitioner's third reply brief, and on petitioner's motion for appointment of counsel. The Court, having reviewed these motions, and the balance of the record, does hereby find and ORDER as follows:

(1) Petitioner's motion for a protective order requiring respondent to stay his sentencing hearing (Dkt. No. 20) is STRICKEN. It appears from the record that petitioner was sentenced in the Everett Municipal Court on September 27, 2006. Thus, petitioner's request to stay that hearing is now moot.

ORDER RE: PENDING MOTIONS
PAGE - 1

(2) Respondent's motion for relief from the deadline to file its reply brief in support of its amended answer (Dkt. No. 27) is GRANTED. Respondent's reply brief was received on October 25, 2006, and has been made a part of the record.

(3) Respondent's motion to strike petitioner's third reply brief (Dkt. No. 32) is DENIED. Respondent, by way of the instant motion, asks this Court to strike a document apparently entitled Petitioner's Third Reply Brief. The Court is in possession of no such document. The Court did receive from petitioner on November 13, 2006, a document entitled "Petitioner's Answer to Respondent's Reply in Opposition to 2254 Petition." However, it is not clear that this is the document being referenced in respondent's motion. By this Court's count, the November 13, 2006, is petitioner's second reply brief. And, while true that the briefing schedule set by the Court does not allow for such a brief, nothing contained therein would appear to prejudice respondent in any way. Moreover, petitioner attaches to this brief the jury instructions which are relevant to his claims. As respondent failed to provide these documents as a part of its own submission, the Court deems it necessary to ensure that they remain in the record.

(4) Petitioner's motion for appointment of counsel (Dkt. No. 33) is DENIED. There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. At this juncture, it does not appear that an evidentiary hearing will be required to resolve petitioner's claims. Thus, petitioner has no right to have counsel appointed. The Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A. However, petitioner fails to demonstrate that the interests of justice are best served by appointment of counsel in this matter at the present time.

ORDER RE: PENDING MOTIONS
PAGE - 2

1     (5)    The Clerk is directed to send copies of this Order to petitioner, to counsel for respondent, and to the Honorable John C. Coughenour.

DATED this 13th day of December, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER RE: PENDING MOTIONS
PAGE - 3