1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DARRELL B. EASON, | ) | |
| | ) | |
| Petitioner, | ) | CASE NO.    C06-322-JCC-JPD |
| | ) | |
| v. | ) | |
| | ) | |
| EVERETT MUNICIPAL COURT, | ) | REPORT & RECOMMENDATION |
| | ) | |
| Respondent | ) | |
| _____ | ) | |

<u>INTRODUCTION AND SUMMARY CONCLUSION</u>

Petitioner Darrell Eason has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in which he seeks to challenge his January 2003 Everett Municipal Court conviction on a charge of assault in the fourth degree, domestic violence.  Respondent has filed an answer to the petition together with relevant portions of the state court record.  Petitioner has filed a response to respondent's answer, respondent has filed a reply brief in support of its answer, and petitioner has filed an "answer" to respondent's reply.  In addition, petitioner has filed a renewed motion for a protective order in which he requests an order directing respondent to stay execution of his sentence pending resolution of the instant federal habeas petition.  The Court, having reviewed the entirety of

REPORT AND RECOMMENDATION
PAGE - 1

the record, concludes that petitioner's § 2254 petition and his renewed motion for a protective order

should be denied, and that this action should be dismissed with prejudice.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

The Washington Court of Appeals summarized the facts relevant to petitioner's Everett

Municipal Court conviction, and to his subsequent RALJ appeal to the Snohomish County Superior

Court, as follows:

> Mr. Eason was charged with assaulting his estranged wife, Linda Browning-Eason, in her home on October 21, 2003.  During trial the City presented the testimony of two police officers, Eason's stepdaughter, Julie Rohner, and Linda.  The City presented evidence that Eason entered the home, demanded to know who was there, grabbed Linda by the neck and arm, and pulled her outside, where he pushed her up against a wall.  Eason's version is that he walked calmly into the house, asked to speak to Linda, and they went outside to talk.  On January 12, 2004, the jury convicted Eason as charged.
>
> Eason appealed to the superior court, where he argued that minorities were systematically excluded from juries in Snohomish County, the City failed to prove intent, the jury was not adequately instructed on intent, and Eason's counsel was ineffective in failing to adequately cross examine Linda and failing to question prospective jurors about their attitudes of interracial marriage.
>
> The superior court found: the record lacked any factual basis to find that minorities were systematically excluded from the jury; both counsel questioned jurors before the jury panel was selected; the City presented testimony from two civilian witnesses and two police officers; defense counsel cross examined the City's witnesses; defense counsel presented Eason's testimony; and the jury was instructed on the elements of fourth degree assault and intent using Washington pattern instructions.  Based on these findings, the court concluded: the method of jury selection did not constitute purposeful discrimination; jurors were properly instructed on the elements of the offense, the City presented sufficient evidence to support the conviction; and Eason received effective representation characterized as reasonable or legitimate trial strategy.  The court affirmed the conviction.

(Dkt. No. 24, Commissioner's Ruling Denying Discretionary Review at 1-2.)

Following the issuance of the Snohomish County Superior Court's decision on petitioner's

RALJ appeal, petitioner sought discretionary review in the Washington Court of Appeals.  (*See id.*)

REPORT AND RECOMMENDATION
PAGE - 2

On March 7, 2005, the Court Commissioner for the Court of Appeals denied discretionary review. (*Id*.)  Petitioner thereafter filed a motion to modify the Commissioner's ruling.  (*Id*., Motion to Modify Ruling.)  Petitioner's motion to modify was denied on May 13, 2005.  (Dkt. No. 24, Order Denying Motion to Modify.)

Petitioner next filed a motion for discretionary review in the Washington Supreme Court. (*Id*., Motion for Discretionary Review.)  On July 14, 2005, the Supreme Court Commissioner denied review.  (*Id*., Ruling Denying Review.)  The Court of Appeals issued a certificate of finality in petitioner's state court proceedings on April 21, 2006.  (*Id*., Certificate of Finality.)  Petitioner's case was thereafter remanded to the Everett Municipal Court for reimposition of the sentence originally imposed by the court on January 12, 2004, immediately following petitioner's conviction.  (*See* Dkt. No. 29, Ex. A at 2 and 4.)  On September 27, 2006, sentence was reimposed by the Everett Municipal Court.  (*Id*. at 6.)

## GROUNDS FOR RELIEF

Petitioner presents six grounds for relief in his federal habeas petition.  Petitioner asserts in his first ground for relief that he was denied effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments.  Petitioner asserts in his remaining five grounds for relief that his Fourteenth Amendment rights were violated when: (a) the prosecution failed to prove the element of intent (Ground Two); (b) there was no jury instruction on intent (Ground Three), (c) minorities were systematically excluded from the jury (Ground Four), (d) there was insufficient evidence to support the charge (Ground Five); and, (e) the trial court failed to ensure that petitioner received a fair trial (Ground Six).

REPORT AND RECOMMENDATION
PAGE - 3

1

2        <u>DISCUSSION</u>

3        Respondent first argues that petitioner is not in custody for purposes of § 2254.  Respondent

4   also argues that, even if petitioner is deemed to be in custody for purposes of federal habeas review,

5   petitioner has not asserted any valid basis on which federal habeas relief is available or should be

6   granted.  This Court rejects respondent's contention that petitioner is not in custody for purposes of

7   federal habeas review, but agrees that petitioner has not identified any grounds upon which he is

8   entitled to federal habeas relief.

9        <u>Custody</u>

10       Petitioner was not in actual physical custody at the time he filed his federal habeas petition.

11  However, the United States Supreme Court has made clear that "the use of habeas corpus has not

12  been restricted to situations in which the applicant is in actual, physical custody."  *Justices of Boston*

13  *Municipal Court v. Lydon*, 466 U.S. 294 (1984) (citing *Jones v. Cunningham*, 371 U.S. 236 (1963)).

14  In *Hensley v. Municipal Court*, 411 U.S. 345 (1973), the Supreme Court held that a federal habeas

15  petitioner who had been convicted, but released on his own recognizance pending execution of his

16  sentence, was in custody for purposes of federal habeas review.  *Id*. at 351-352.

17        Respondent has provided the Court with a copy of the docket of petitioner's Everett

18  Municipal Court criminal proceedings.  (*See* Dkt. No. 29, Ex. A.)  The docket reflects that petitioner

19  was convicted and sentenced on January 12, 2004.  (*Id*. at 2.)  The docket further reflects that at least

20  some aspects of petitioner's sentence were stayed pending appeal.  (*Id*. at 4.)  After petitioner's

21  conviction was affirmed by the state courts, the matter was remanded for "reimposition" of sentence.

22  (*Id*.)  It is not entirely clear why sentence would need to be "reimposed" given that plaintiff was

23  awarded no relief in his state post-conviction proceedings.  Nonetheless, it is clear that plaintiff

24

25

26

REPORT AND RECOMMENDATION
PAGE - 4

1   remained under the authority of the Everett Municipal Court from the time of his conviction in

2   January 2004, until the time sentence was "reimposed" on September 27, 2006.  *See* RALJ 4.3(b).

3   Petitioner filed the instant habeas petition in March 2006.  On these facts, this Court concludes, under

4   *Hensley*, that petitioner was in custody for purposes of federal habeas review at the time he filed his

5   federal habeas petition.

6

7                                       Standard of Review

8            Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may be

9   granted with respect to any claim adjudicated on the merits in state court only if the state court's

10  decision was *contrary to*, or involved an *unreasonable application* of, clearly established federal

11  law, as determined by the Supreme Court, or if the decision was based on an unreasonable

12  determination of the facts in light of the evidence presented.  28 U.S.C. § 2254(d) (emphasis added).

13

14

15          Under the "contrary to" clause, a federal habeas court may grant the writ only if the state

16  court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or

17  if the state court decides a case differently than the Supreme Court has on a set of materially

18  indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362 (2000).  Under the "unreasonable

19  application" clause, a federal habeas court may grant the writ only if the state court identifies the

20  correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that

21  principle to the facts of the prisoner's case.  *Id.*  The Supreme Court recently made clear that a state

22  court's decision may be overturned only if the application is "objectively unreasonable."  *Lockyer v.*

23  *Andrade*, 538 U.S. 63, 69 (2003).

24

25                              Ground One:  Ineffective Assistance of Counsel

26

REPORT AND RECOMMENDATION
PAGE - 5

Petitioner asserts in his first ground for relief that he was denied the effective assistance of counsel when his trial counsel: (1) failed to conduct a pretrial interview with the complaining witness; (2) failed to challenge the arresting officers' testimony regarding bruising and fingerprint marks; (3) failed to voir dire the jury concerning racial bias; (4) failed to argue that prosecution never proved intent; (5) failed to request instruction on intent; (6) failed to argue that petitioner had no prior arrests; and, (7) failed to request that a domestic violent profile be completed for petitioner.

The Snohomish County Superior, on petitioner's RALJ appeal, concluded that petitioner "received effective representation that can be characterized as reasonable or legitimate trial strategy." (Dkt. No. 24, Findings of Fact, Conclusions of Law & Order on Remand at 2.) In order to be entitled to federal habeas relief with respect to his claims of ineffective assistance of counsel, petitioner must demonstrate that this decision of the Superior Court was contrary to, or constituted an unreasonable application of, federal law as established by the United States Supreme Court. This petitioner has not done.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Claims of ineffective assistance of counsel are evaluated under the two-prong test set forth in *Strickland*. Under *Strickland*, a defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness and, (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 687.

When considering the first prong of the *Strickland* test, judicial scrutiny must be highly deferential. *Id*. at 689. There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id*. The second prong of the *Strickland* test requires a

REPORT AND RECOMMENDATION
PAGE - 6

showing of actual prejudice related to counsel's performance.  The petitioner must demonstrate that it is reasonably probable that, but for counsel's errors, the result of the proceedings would have been different.  The reviewing Court need not address both components of the inquiry if an insufficient showing is made on one component.  *Strickland*, 466 U.S. at 697.  Furthermore, if both components are to be considered, there is no prescribed order in which to address them.  *Id*.

### 1.   *Failure to Conduct Pretrial Interview*

Petitioner asserts that his trial counsel rendered ineffective assistance when he failed to conduct a pretrial interview of the complaining witness.  Petitioner appears to be of the belief that if counsel had conducted a pretrial interview, he would have learned from the complaining witness, petitioner's estranged wife Linda, that no assault had occurred.  Petitioner fails, however, to point to any information which Linda may have been able to provide counsel which would have exonerated petitioner.

Petitioner makes reference in his petition to pretrial statements made by Linda which petitioner interprets as establishing that there was no assault.  However, the statements petitioner appears to be referencing do not, in fact, establish that there was no assault.  Prior to trial, petitioner was informed by one of the arresting officers that Linda had told the officer she never wanted petitioner's arrest and that the matter had "gotten out of hand."  (*See* Dkt. No. 24, Pro Se Brief of Appellant at 2-3.)  These statements are not inconsistent with, nor do they undermine, Linda's trial testimony which established that the touching was intentional and offensive.  Thus, to the extent petitioner believes that counsel erred when he failed to discover, or make use of, such statements, petitioner's ineffective assistance of counsel claim must fail as petitioner has established no prejudice resulting from the alleged error.  To the extent petitioner believed that counsel erred when he failed to

REPORT AND RECOMMENDATION
PAGE - 7

discover other evidence which might have exonerated petitioner, petitioner simply fails to demonstrate that any such evidence existed.  This portion of petitioner's ineffective assistance of counsel claim must therefore fail.

### 2.    *Failure to Challenge Testimony Re: Physical Evidence of Assault*

Petitioner asserts that his counsel rendered ineffective assistance when he failed to challenge the testimony of arresting officers concerning bruising and fingerprint marks.  Two City of Everett police officers testified at petitioner's trial, Officer Randall Marrs and Officer Kevin Fifield.  Officer Marrs, the primary officer to respond to the 911 call at the victim's residence, testified that he observed "pressure marks" on the victim's neck and arm and that the marks appeared to be recent. (Dkt. No. 39 at 62-64.)  Officer Marrs further testified that the marks were consistent with the victim's explanation of what had occurred and also with the description of events provided by the victims's daughter who had witnessed the incident.  (*Id*. at 65-66.)  Petitioner' counsel cross-examined Officer Marrs, but did not question him about any pressure marks or bruises.

Officer Fifield testified that he responded briefly to the victim's residence as the back-up officer, but did not interview any witnesses.  (*Id*. at 77.)  Officer Fifield further testified that he did not actually observe any injuries on the victim because he was not there long enough, but that he became aware of the bruising as a result of information he obtained from Officer Marrs.  (*Id*.) Petitioner's counsel, on cross-examination, questioned Officer Fifield regarding any training he had received regarding bruising.  (*Id*. at 80.)  The prosecutor objected to the inquiry regarding bruising on the grounds that Officer Fifield had not observed any bruising.  (*Id*. at 80-81.)  The court sustained the objection and noted that counsel could have asked Officer Marrs that question.  (*Id*. at 81) Counsel never made any move to recall Officer Marrs.

REPORT AND RECOMMENDATION
PAGE - 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The record suggests that petitioner's counsel felt the bruising was an area worth exploring and that he erroneously sought to question the wrong witness with regards to this topic.  However, even assuming counsel's performance can be deemed deficient based on his failure to pursue the topic of bruising with the proper witness, petitioner fails to demonstrate any prejudice with respect to this conduct.  Officer Marrs' testimony that he saw marks on the victim was consistent with the testimony of both the victim and the victim's daughter.  Moreover, petitioner admitted in his own testimony that he had grabbed the victim and that it was possible there could be bruising as a result of this because the victim was fair skinned.  (*See* Dkt. No. 39 at 98-99.)  When viewing the record as a whole, this Court must conclude that the alleged deficient conduct of counsel with respect to the issue of bruising did not prejudice petitioner and, thus, this portion of petitioner's ineffective assistance of counsel claim must fail.

### 3.      *Failure to Voir Dire re: Racial Bias*

Petitioner next asserts that his trial counsel rendered ineffective assistance when he failed to voir dire the jury on the issue of racial bias given that petitioner is black and the victim is white.  In *Turner v. Murray*, 476 U.S. 28 (1986), the Supreme Court held that a defendant who is accused of an interracial capital crime is entitled to have prospective jurors questioned on the issue of racial bias.  *Id*. at 36-37.  The Supreme Court also stated, however, that a defendant cannot complain of the failure to question prospective jurors on the issue of racial prejudice unless the defendant has specifically requested such an inquiry.  *Id*. at 37.  The Supreme Court made clear that the decision of whether to question prospective jurors on the issue of racial bias is a decision for defense counsel.  *See id*. n. 10.

REPORT AND RECOMMENDATION
PAGE - 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Petitioner contends that there was no justifiable reason for counsel's failure to conduct an inquiry into racial bias during voir dire given that this was a racially charged trial involving an interracial marriage.  Nothing in the record before this Court reveals whether counsel's failure to conduct such an inquiry was trial strategy as opposed to an oversight or mere indifference.  However, as noted above, there is a strong presumption that counsel's performance fell within the wide range of range of reasonably effective assistance.  *Strickland*, 466 U.S. at 689.  Petitioner fails to overcome this presumption.  Petitioner also fails to demonstrate that he was prejudiced by counsel's failure to inquire into jurors' attitudes regarding interracial marriage or to otherwise probe regarding issues of racial bias.  Accordingly, petitioner cannot prevail on this claim.

**4.       *Failure to Request Jury Instruction re: Intent***

Petitioner next asserts that counsel rendered ineffective assistance when he failed to request a jury instruction regarding intent.  On appeal, the Snohomish County Superior Court concluded that the jurors were properly instructed on the elements of the crime of assault in the fourth degree and on the legal definition of intent.  Petitioner appears to be of the belief that he was entitled to some additional instruction with respect to intent other than the one provided for in the Washington pattern instructions.  Specifically, petitioner contends that he "was entitled to have the jury consider whether he reasonably expected that his physical contact with his wife was consensual." (Dkt. No. 31 at 7.)  However, petitioner offers no authority to support his assertion that he was entitled to any additional instruction.  As it appears that the jury was properly instructed in accordance with state law, counsel's failure to request an additional instruction does not amount to deficient performance.  Accordingly, this portion of petitioner's ineffective assistance of counsel claim must also fail.

REPORT AND RECOMMENDATION
PAGE - 11

### 5.    *Failure to Argue Intent*

Petitioner next asserts that counsel rendered ineffective assistance when he failed to argue that the government never proved intent.  Petitioner is correct that counsel did not argue in closing statements that the government failed to prove intent.  However, the record indicates that there was no basis for counsel to make any such argument.  Petitioner admitted during his own testimony that he grabbed the victim.  (Dkt. No. 39 at 98-99.)  Petitioner described his actions as an attempt to give the victim a hug.  (*Id*.)  Regardless of how petitioner characterized the touch, petitioner made clear through his own testimony that he intended to touch the victim.  Any argument to the contrary would have been unavailing and, thus, this portion of petitioner's ineffective assistance of counsel claim must fail.

### 6.    *Failure to Argue Absence of Prior Arrests*

Petitioner asserts that his counsel rendered ineffective assistance when he failed to argue to the jury that petitioner had no prior arrests.  However, petitioner fails to make clear how the absence of a prior arrest record would have been relevant or beneficial to his defense.  Accordingly, this portion of his ineffective assistance of counsel claim must fail.

### 7.    *Failure to Request Domestic Violence Assessment*

Petitioner asserts in his final ineffective assistance of counsel claim that counsel rendered ineffective assistance when he failed to request a domestic violence assessment for petitioner.  However, petitioner once again fails to make clear how this alleged deficient conduct prejudiced him.  Accordingly, this final portion of petitioner's ineffective assistance of counsel claim must also fail.

REPORT AND RECOMMENDATION
PAGE - 12

<u>Grounds Two and Five: Sufficiency of the Evidence</u>

Petitioner's second and fifth ground for federal habeas relief both appear to challenge the sufficiency of the evidence presented by the prosecution to support petitioner's conviction on a charge of fourth degree assault.  In his second ground for relief, petitioner asserts that the government failed to prove the element of intent.  (Dkt. No. 1 at 8.)  In his fifth ground for relief, petitioner asserts that "[a] man placing his hand upon his wife's shoulders does not constitute domestic violence."  (*Id.* at 13.)  On appeal, the Snohomish County Superior Court found that the prosecution had presented sufficient evidence to support a finding of guilty on the charge of Assault 4th Domestic Violence.  (Dkt. No. 24, Findings of Fact, Conclusions of Law & Order on Remand at 2.)

When evaluating a claim of insufficiency of the evidence, a reviewing court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The Supreme Court emphasized in *Jackson* that constitutional sufficiency review is sharply limited and that the reviewing court owes great deference to the trier of fact.  *Jackson*, 443 U.S. at 319.  Under the standard established in *Jackson*,

> [A] federal habeas court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution.

*Jackson*, 443 U.S. at 326.

At trial, the prosecution presented evidence that petitioner appeared at his estranged wife's home unannounced, that he became involved in a heated argument with his estranged wife, that he grabbed his estranged wife and, in doing so, left pressure marks or bruises on her arm and neck.

REPORT AND RECOMMENDATION
PAGE - 13

Petitioner himself admitted at trial that he grabbed his estranged wife and that he intended to do so. Petitioner described the contact as an attempt to put his arms around her and hug her while the victim and the victims daughter described the contact as petitioner grabbing the victim's arm.

While petitioner asserts that he had no intent to injure or assault the victim, the jury was entitled to conclude from the testimony that the touching was intentional and that it was offensive. It appears clear that the jury resolved conflicting inferences in favor of the prosecution. This Court must defer to the that resolution. Accordingly, petitioner's federal habeas petition should be denied with respect to his fifth ground for relief.

<u>Ground Three: Jury Instructions</u>

Petitioner asserts in his third ground for federal habeas relief that the jury was not instructed that they must find the element of intent. On appeal, the Snohomish County Superior Court concluded that petitioner was properly instructed on the elements of the charged offense and on the legal definition of intent. (Dkt. No. 24, Findings of Fact, Conclusions of Law & Order on Remand at 2.) The record amply supports this conclusion and petitioner offers no evidence to the contrary. Accordingly, petitioner's federal habeas petition should be denied with respect to his third ground for relief.

<u>Ground Four: Exclusion of Minorities from Jury</u>

Petitioner asserts in his fourth ground for relief that minorities are systematically excluded from juries in Snohomish County and in the City of Everett. The Snohomish County Superior Court, on appeal, found that the record "lacks any factual basis for a finding that minorities were systematically excluded from Appellant's jury." (Dkt. No. 24, Findings of Fact, Conclusions of Law & Order on Remand at 1.) The court then concluded that "[t]he method by which jurors were

REPORT AND RECOMMENDATION
PAGE - 14

selected did not constitute a purposeful racial discrimination by the prosecutor or the County."  ((Dkt. No. 24, Findings of Fact, Conclusions of Law & Order on Remand at 2.)

In these proceedings, petitioner offers two documents which he believes support his claim regarding the systematic exclusion of jurors.  The first documents offered by petitioner is an unpublished opinion of the Washington Court of Appeals in which the appellant challenged a Snohomish County Superior Court decision denying his motion to withdraw his guilty plea.  *State of Washington v. Thomas*, 123 Wn.App. 1036, 2004 WL 2211696 (Wn.App. Div 1).  In *Thomas*, the defendant apparently testified at a hearing before the Superior Court on his motion to withdraw his guilty plea that his attorney had left him with the impression that he could not get justice in his Snohomish County Superior Court criminal proceedings because he was African-American while the victim, the prosecutor, the judge, and the jury would white.  *Id*.  The defendant's attorney testified that he did tell his client there were not likely to be any African-Americans on the jury, but he denied discussing the race of the prosecutor and judge, and he denied telling his client that he had no chance because he was African-American.  *Id*.

The second document offered by petitioner in support of his claim regarding the systematic exclusion of jurors in Snohomish County is an article by King County Superior Court Judge Deborah Fleck, which was apparently written for the Washington State Bar Association Bar News, in which she discusses the Superior Court Judges' Association Race and Justice Initiative.  The initiative, as described by Judge Fleck, "is to help correct the racial disproportionality that exists in the application of Washington's drug laws."  (*See* Dkt. No. 25, Ex. 2 at 6.)

Neither of these documents supports petitioner's assertion that minorities are systematically excluded from juries in Snohomish County or the City of Everett.  And, in fact, the record is devoid

REPORT AND RECOMMENDATION
PAGE - 15

of any evidence supporting such an assertion.  As petitioner offers no evidence to refute the findings

and conclusions of the Superior Court with respect to the issue of exclusion of minorities from

Snohomish County juries, petitioner's federal habeas petition should be denied with respect to his

fourth ground for relief.

Ground Six:  Fair Trial

Finally, petitioner asserts that the trial court failed in its duty to ensure petitioner a fair trial.

Petitioner maintains that the trial court had an obligation to ensure that the jury was not biased against

black men who marry white women.  This claim essentially implicates the jury selection process.

While the trial court undeniably has a role in that process, the United States Supreme Court made

clear in *Turner* that the decision of whether to question prospective jurors on the issue of racial bias is

a decision for defense counsel.  *Turner*, 476 U.S. at 37 n. 10.  Petitioner cannot assign responsibility

to the trial court for decisions which were within the purview of defense counsel.  Accordingly,

petitioner's federal habeas petition should be denied with respect to petitioner's sixth ground for

relief.

MOTION FOR PROTECTIVE ORDER

Petitioner has filed a renewed motion for a protective order in which he asks that the Court

order respondent to stay execution of his sentence.[1]  Nothing in the record before this Court indicates

whether petitioner's state court sentence has yet been executed.  Regardless, however, petitioner

makes no showing that he is entitled to a stay of execution of his sentence, particularly in light of this

---

[1]  In his original motion for a protective order, petitioner asked this Court to issue an order requiring respondent to stay his sentencing hearing pending resolution of his federal habeas petition.  That motion was stricken because petitioner had already been sentenced at the time the Court considered the motion.

REPORT AND RECOMMENDATION
PAGE - 16

Court's conclusion that petitioner has presented no meritorious grounds for relief.  Accordingly,

petitioner's renewed motion for a protective order should be denied.

<u>CONCLUSION</u>

For the reasons set forth above, this Court recommends that petitioner's federal habeas

petition and his renewed motion for a protective order be denied.  This Court further recommends

that this action be dismissed with prejudice.  A proposed order accompanies this Report and

Recommendation.

DATED this 6th day of April, 2007.

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 17