UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARRELL B. EASON,

Petitioner,

v.

EVERETT MUNICIPAL COURT,

Respondent.

CASE NO. C06-322-JCC

ORDER

This matter comes before the Court on Petitioner's petition for a writ of habeas corpus (Dkt. No. 4), Petitioner's renewed motion for a protective order (Dkt. No. 37), the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge ("R&R"), and the balance of the record. Having reviewed these materials, the Court hereby finds and rules as follows.

**I. BACKGROUND**

In his Objections to the Report and Recommendation (Dkt. No. 42), Petitioner raises several new contentions responsive to the R&R: (1) that he has established a *prima facie* showing of unlawful discrimination in the selection of juries in Snohomish County, and thus is entitled to an evidentiary hearing on the issue; (2) that the Magistrate Judge erred in his ineffective assistance of counsel analysis because Petitioner's defense attorney's failure to voir dire jurors in the criminal trial constitutes

ineffective assistance of counsel; and (3) that Petitioner was prejudiced by his attorney's failure to present character evidence.

## II. ANALYSIS

### A. Sixth Amendment Violation of Fair Cross Section Requirement

For the first time in his Objections, Petitioner alleges that he has satisfied the necessary requirements to be entitled to an evidentiary hearing on the question of whether the jury selection process in Snohomish County violates the Sixth Amendment because nonwhites have never served on Snohomish County juries. (Obj. 8–9.) The Supreme Court has held that a criminal defendant is entitled to a jury venire representing a fair cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 528–29 (1975).

If true, Petitioner's allegation would establish a *prima facie* violation of the fair-cross-section requirement of the Sixth Amendment, satisfying all three elements of a Sixth Amendment violation under *Duren v. Missouri*, 439 U.S. 357, 364–66 (1979). Under *Duren*, the defendant must show (1) the group is distinctive in the community, (2) the representation on jury venires is not fair and reasonable in relation to the number of such persons in the community, and (3) this underrepresentation is due to systematic exclusion in the jury selection process. *Id.* Evidence of total exclusion of a racial group is sufficient to make a *prima facie* showing of discrimination. *Taylor*, 419 U.S. at 522. However, in cases cited by Petitioner, claimants have cited census data and jury composition statistics to make such a demonstration. *See, e.g., Duren*, 439 U.S. 357 (in which appellant had presented detailed statistics of both census data and gender composition of juries at every stage of the process in order to demonstrate systemic exclusion). Here, Petitioner presents absolutely no evidence of either the details of Snohomish County census data or the racial composition of juries there. A conclusory assertion such as Petitioner's with no supporting evidence is not sufficient to meet the second element of the fair cross section analysis. *United States v. Williams*, 264 F.3d 561 (5th Cir. 2001).

To be entitled to an evidentiary hearing, a habeas petitioner must (1) allege facts which, if proven,

would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a state court. *Gonzalez v. Pliler*, 341 F.3d 897, 903 (9th Cir. 2003). However, Petitioner failed to make any showing that the state courts did not offer him a full and fair hearing on this issue; the Snohomish County Superior Court found that Petitioner's claim was unsupported by any of Petitioner's evidence, which consisted only of an article indicating disparate rates of drug arrests among African Americans in Snohomish County, and an unpublished opinion in which a defendant was informed that the jury would likely be all-white. (R&R 14–15.) Petitioner failed to develop the factual basis of his claim in state court proceedings. Thus, the District Court may deny an evidentiary hearing. 28 U.S.C. § 2254(e)(2).

Accordingly, Petitioner has not established a *prima facie* showing of unlawful discrimination, and his request for an evidentiary hearing is DENIED.

**B. Failure of Counsel to Voir Dire Jury about Racial Bias**

Petitioner contends that the Magistrate Judge erred in assuming that his defense attorney's failure to voir dire his white jury on racial bias was within the range of reasonableness presumed under *Strickland v. Washington*, 466 U.S. 668 (1984).

Although the Supreme Court held in *Turner v. Murray*, 476 U.S. 28 (1986), that a capital criminal defendant in a crime involving interracial violence enjoys the right to question prospective jurors on racial bias, it does not apply to Petitioner because *Turner* was restricted to the sentencing phase of capital cases. Moreover, *Turner* only holds that a trial judge violates a capital defendant's constitutional rights where the judge denies a request from the defense attorney to voir dire the jury on bias in cases involving interracial crimes. It does not hold that an attorney's failure to request voir dire on racial bias constitutes ineffective assistance of counsel.

Petitioner fails to demonstrate that his attorney's failure to voir dire the jury on racial bias was unreasonable. The fact that Petitioner is African American and the victim is white does not serve, by itself, to make the case racially charged. In fact, had counsel questioned the jury regarding potential racial prejudice, the issue of race may have been needlessly emphasized, potentially harming Petitioner.

*See Jacobs v. Horn*, 395 F.3d 92 (3d Cir. 2005). Thus, Petitioner's attorney could have had valid tactical reasons for failing to voir dire the jury on racial bias, and therefore the conduct falls within the presumption of reasonableness. *See Spencer v. Murray*, 18 F.3d 229 (4th Cir. 1994). Petitioner thus fails to establish ineffective assistance of counsel.

As the Magistrate Judge also found, Petitioner may not satisfy the prejudice requirement of *Strickland*. There is no evidentiary basis on which Petitioner may contend that, had counsel questioned the venire on racial bias, there would have been a reasonable probability that the outcome of the proceeding would have been different. The evidence of guilt was strong, and, apart from the race of the jurors, there was no evidence that racial animus played any role in the verdict.

**C. Counsel's Failure to Produce Character Evidence**

Petitioner contends that he was prejudiced by his counsel's failure to present positive character evidence to the jury—namely, his lack of criminal history and arrests. Because he did not explain how this would have been beneficial to his defense, the Magistrate Judge rejected this ineffective assistance claim. (R&R 12.) For the first time in his Objections before this Court, Petitioner argues that this evidence would have informed the jury that he was a law-abiding citizen. (Obj. 7.) The purpose of allowing criminal defendants to present pertinent character evidence in their favor is to provide the accused with a counterweight to the power of the government when little conventional proof is available, informing the factfinder what kind of person he is. *See* Fed. R. Evid. 404(a)(1) *commentary*.

There is no requirement that an attorney submit any particular type of evidence in her client's defense. *Johnson v. Lockhart*, 921 F.2d 796 (8th Cir. 1990). Even if such evidence would have enhanced Petitioner's standing in the mind of the jury, this claim fails because Petitioner cannot demonstrate prejudice. Petitioner's own testimony indicates that he intended to touch the victim, and that the touching could have resulted in bruising. (Dkt. No. 39 at 98–99.) The evidence of guilt was therefore quite strong. There is not a reasonable probability that, had the jury been informed of Petitioner's lack of convictions, Petitioner would not have been convicted, and thus this claim fails.

**D. Petitioner's Motion for a Protective Order**

Because this Court does not does not accept any of Petitioner's grounds for relief, his request for a protective order staying execution of his sentence is moot.

Petitioner's remaining arguments were sufficiently addressed by the Magistrate Judge, and there is no need to repeat the analysis contained therein addressing the bulk of Petitioner's grounds for habeas relief.[1] The Court hereby ADOPTS the R&R's analysis with respect to these issues.

**III. CONCLUSION**

For the foregoing reasons, the Court ADOPTS the Report and Recommendation of Magistrate Judge Donohue and DENIES Petitioner's federal habeas petition. Petitioner's renewed motion for a protective order is also DENIED. This action is hereby DISMISSED with prejudice. The Clerk is DIRECTED to send copies of this Order to Petitioner, counsel for Respondent, and to the Honorable James P. Donohue.

SO ORDERED this 9th day of July, 2007.

John C. Coughenour
United States District Judge

---

[1]To the extent Petitioner believes the Magistrate Judge inadequately disposed of his argument concerning the proper definition of intent, it is worth noting that under Washington law, the definition of "assault" derives from the common law, and includes any unlawful touching that is harmful or offensive, whether or not physical injury results. *State v. Baker*, 151 P.3d 237, 239 (2007). Although intent is an implied element of fourth-degree assault, the requisite intent is only the intent to touch, i.e. to commit the physical act which constitutes assault. *Id.* Because Petitioner admitted intending to touch the victim, and because the jury found there was evidence that it was harmful or offensive to her (for the jury instruction defining assault, *see* Dkt. No. 39 at 113), there was no reasonable basis to argue that counsel was ineffective for failing to argue intent, or that the State did not prove this element beyond a reasonable doubt.