1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   DARRELL B. EASON,

11                              Petitioner,                          CASE NO. C06-322-JCC

12              v.                                                   ORDER

13   EVERETT MUNICIPAL COURT,

14                              Respondent.

15          This matter comes before the Court on Petitioner Darrell B. Eason's Notice of Appeal (Dkt. No.

16   47) of this Court's July 9, 2007, Order denying his petition for a writ of habeas corpus (Dkt. No. 45).

17   The Court has construed Petitioner's Notice of Appeal as a motion for a Certificate of Appealability

18   under 28 U.S.C. § 2253 (Dkt. Nos. 48, 49). Petitioner has filed no new briefing in support of his motion.

19   The Court has considered Respondent's response (Dkt. No. 50) and the balance of the papers relating to

20   this case. Having determined that oral argument is not necessary, the Court hereby DENIES Petitioner's

21   motion.

22          Because the parties are familiar with the factual and procedural history of this case, the Court will

23   not recount it here except as necessary to explain the Court's reasoning.

24   //

25

26   ORDER – 1

**I. Standard of Review**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Petitioner must make an application for a Certificate of Appealability in the district court before the Court of Appeals may act on his request for appellate review. 28 U.S.C. § 2253(c)(1)(A). The district court properly construed Petitioner's Notice of Appeal as a motion for a Certificate of Appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000); *United States v. Asrar,* 116 F.3d 1268, 1270 (9th Cir. 1997).

The Court may  issue a Certificate of Appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court bases its denial of habeas relief on the merits of constitutional claims, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484; *see also Jennings v. Woodford,* 29 F.3d 1006, 1010 (9th Cir. 2002).

**II. Analysis**

Reasonable jurists could not conclude that the district court's assessment of Petitioner's constitutional claims was debatable or wrong. This Court, as well as every appellate court that has reviewed the papers related to the original trial court proceedings, has found that Petitioner failed to demonstrate that his Sixth or Fourteenth Amendment rights were violated by the alleged exclusion of minorities from his jury or by allegedly ineffective assistance of counsel. (Order (Dkt. No. 45).)

Petitioner presented no evidence that minorities are systematically excluded from juries in Snohomish County, where his trial court proceedings took place. (Order 2 (Dkt. No. 45).) A reasonable jurist could not debate whether Petitioner had a valid constitutional claim on this basis, since Petitioner provided no statistical data or other evidence to support his argument.

Likewise, Petitioner did not demonstrate that his constitutional rights were violated by allegedly ineffective assistance of counsel. This Court rejected Petitioner's argument that his counsel's decision not to voir dire the jury on racial bias constituted ineffective assistance of counsel. (Order 4 (Dkt. No. 45).) Petitioner's attorney could have had tactical reasons for choosing not to voir dire the jury on racial bias,

ORDER – 2

and Petitioner made no showing that this decision fell outside the scope of reasonable assistance. Further, Petitioner failed to demonstrate that his counsel was ineffective by choosing not to present positive character evidence on his behalf. (Order 4 (Dkt. No. 45).) As this Court has noted, there is no requirement that an attorney submit any particular type of evidence in his client's defense. *Johnson v. Lockhart*, 921 F.2d 796, 800 (8th Cir. 1990). There is simply no evidence in the record that Petitioner's attorney rendered ineffective assistance to Petitioner.

In short, on the basis of the entire record, reasonable jurists could not find that Petitioner's constitutional claims have merit.

**III. Conclusion**

Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court DENIES Petitioner's motion for a Certificate of Appealability pursuant to 28 U.S.C. § 2253.

SO ORDERED this 13th day of September, 2007.

JOHN C. COUGHENOUR
UNITED STATES DISTRICT JUDGE

ORDER – 3